IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Criminal Action No. 24-cr-00058-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID WAYNE WATKINS,

    Defendant.

---

ORDER DENYING MOTION TO DISMISS COUNT TWO (DKT. 23)

---

The above-referenced Motion is now before the Court. Mr. Watkins is charged in a four count indictment alleging violations of (1) 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) (Count 1, possession with intent to distribute fentanyl); (2) 18 U.S.C. 922(g)(1) (Count 2, possession of a weapon by a prohibited person); (3) 18 U.S.C. 924(c)(1)(A)(i) (Count 3, possession of a firearm in furtherance of a drug trafficking crime); and (4) 26 U.S.C. § 5861(d) (Count 4, unlawful possession of an unregistered firearm). His motion seeks dismissal of the § 922(g)(1) charge at Count 2.[1]

---

[1] Mr. Watkins has prior felony convictions that include three separate convictions for manufacture and delivery of a controlled substance, and two separate convictions each for felony assault of a family or household member. Dkt. 16.

1

Mr. Watkins argues § 922(g)(1) is unconstitutional under the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 144 S. Ct. 1889 (2024), both facially and as applied to him. The government opposes the Motion. The Court has reviewed the parties' filings, the docket in this matter, and applicable legal authority. No hearing is necessary nor have the parties requested one.

In considering the Motion, this Court is bound by Tenth Circuit precedent. *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990). Because neither *Bruen* nor *Rahimi* have expressly abrogated controlling Tenth Circuit precedent on the issue, the Motion is DENIED.

## ANALYSIS

The Tenth Circuit first upheld the constitutionality of § 922(g)(1) in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009). The plaintiff in *McCane* argued the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008)—where the Court held the Second Amendment provides an individual right to possess and use a handgun for lawful purposes within the home—meant that § 922(g)(1) was unconstitutional. *McCane*, 573 F.3d at 1047. But because the Supreme Court "explicitly stated in *Heller* that 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[,]'" the Tenth Circuit rejected *McCane's* argument and upheld the constitutionality of § 922(g)(1).

2

*Id.*; *see also Humphrey's Executor v. United States*, 295 U.S. 602 (1935) (dicta "may be followed if sufficiently persuasive" but are not binding).

The Supreme Court's decision in *Bruen, supra*—which set out the Court's "history and traditions" test for evaluating the constitutionality of gun restrictions—followed *Heller*. Post-*Bruen*, the Tenth Circuit was again presented with the issue of the constitutionality of § 922(g)(1) this time in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2708 (2024). Noting that while *Bruen* "created a new test for determining the scope of the Second Amendment," the Tenth Circuit observed the Supreme Court "didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons[, and] [i]f anything, *Bruen* contains two potential signs of support for these prohibitions." *Vincent*, 80 F.4th at 1201. "Given the six Justices' reaffirmation of the *Heller* language and the Court's apparent approval of 'shall-issue' regimes and related background checks," the Tenth Circuit determined that *Bruen* "did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." *Id.* at 1202. As a result, it followed *McCane* and again upheld the constitutionality of § 922(g)(1). *Id.*

But wait. The Supreme Court subsequently granted a cert petition in *Vincent*, vacated the judgment, and remanded the matter to the Tenth Circuit "for further consideration in light of *United States v. Rahimi*, 602 U.S. ——, 144 S.Ct. 1889, ——

3

L.Ed.2d —— (2024)." *Vincent v. Garland*, 144 S. Ct. 2708 (2024).[2] As one district court in the Tenth Circuit observed, "[a]lthough the Supreme Court vacated the judgment in *Vincent* and remanded the case in light of *Rahimi*, it did not question the merits of *McCane* or express any doubt about the Tenth Circuit's reasoning in *Vincent* when doing so." *United States v. Sutton*, No. 24-CR-00168-SEH, 2024 WL 3932841, at *4 (N.D. Okla. Aug. 23, 2024). And the Court finds persuasive the Tenth Circuit's unpublished decision in *United States v. Curry*, No. 23-1047, 2024 WL 3219693, *4 n.7 (10th Cir. June 28, 2024), where it observed that *Bruen* didn't expressly overrule or clearly abrogate *McCane*, nor did *Rahimi* "indisputably and pellucidly abrogate" *McCane*.

Thus, where the dust has currently settled, and regardless of the seemingly amorphous utility of *Vincent*, it is clear that *McCane* remains binding circuit precedent. *See, e.g., Sutton*, 2024 WL 3932841, at *4 ("Because neither *Bruen* nor *Rahimi* indisputably and pellucidly abrogated *McCane*, *McCane* remains binding

---

[2] *Rahimi* involved a defendant who pleaded guilty to possessing a firearm while subject to a domestic violence restraining order that included a finding that the defendant represented a credible threat to the physical safety of an intimate partner or their child. *Rahimi*, 144 S. Ct. at 1894. The Supreme Court used *Rahimi* to expound on proper application of the *Bruen* "history and traditions" test by explaining that a "court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit[.]" *Id.* at 1898. This requires consideration of "why and how" a law burdens the right; "when a challenged regulation does not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster.' . . . The law must comport with the principles underlying the Second Amendment, but it need not be a 'dead ringer' or a 'historical twin.'" *Id.* (citations omitted). All of this in mind, the Supreme Court went on to find § 922(g)(8) constitutional.

authority upon this Court. Accordingly, Sutton's facial and as-applied challenges to § 922(g)(1) are denied."); *see also Vincent*, 80 F.4th at 1201 n.4 ("[W]e're bound by *McCane* regardless of whether *Heller's* language constituted dicta or part of the holding.").

\*   \*   \*

For the reasons shared above, *McCane* precludes Mr. Watkins' constitutional challenge to § 922(g)(1) facially and as applied.[3] The Motion is DENIED. It is further ORDERED that the government's unopposed Motion to Exceed Page Limitation (Dkt. 27) is GRANTED.

DATED:  October 3, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

---

[3] The Court agrees with the government that Mr. Watkins' "as applied" argument is woefully underdeveloped. He vaguely argues the government "will not be able to demonstrate a relevantly similar historical tradition with respect to persons *in Mr. Watkins' situation*," but without explaining what this means. Dkt. 23, p.13 (emphasis added). He similarly argues "the government will not be able to demonstrate a relevantly similar historical tradition of firearm dispossession *with respect to the circumstances of Mr. Watkins' case*[,]" again without explaining what this means. *Id.* (emphasis added).