UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
District Judge S. Kato Crews

Criminal Action No.: 1:24-cr-00058-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID WAYNE WATKINS,

    Defendant.

## MINUTE ORDER RE: DEFENDANT'S
## MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(b)

    Before the Court is Defendant's Motion to Exclude Evidence Pursuant to Rule 404(b). Dkt. 46. The Motion is fully briefed. *See* Government's Response at Dkt. 50. The Court heard oral arguments on the Motion during the Trial Preparation Conference (TPC) on October 31, 2024, and took the matter under advisement.

    At trial, the Government intends to present some or all of the following evidence it obtained from a forensic search of one of Defendant's mobile phones recovered during his arrest, summarized as follows:[1] (1) pictures of plastic bags containing what purport to be blue pills; (2) a picture of a short-barreled rifle on a chair; and (3) messages purportedly between Defendant and various unidentified individuals which suggest Defendant was engaging in drug dealing. Defendant moves to preclude this evidence under Fed. R. Evid. 404(b). The Government argues this evidence is intrinsic to the crimes charged, and if not, it is properly admissible under Rule 404(b).

    First, concerning the picture of the short-barreled rifle, the Court finds that photo is relevant and intrinsic evidence to, at a minimum, Count 5 (alleging a violation of 26 U.S.C. § 5861(d), unlawful possession of an unregistered firearm), if

---

[1] During the TPC, the Government withdrew its request to introduce a photo of several dollars of cash.

1

not to one or more of the additional charged offenses. The Government intends to show that the photographed rifle is the same rifle recovered in Defendant's hotel room after his arrest. The depicted rifle and its component parts appear to have sufficiently distinct features that match those of the rifle recovered in Defendant's hotel room after his arrest, and the recovered rifle will be a physical exhibit at trial. Based on the Government's proffers during the TPC, the Court finds the photo of the short-barreled rifle found on Defendant's phone is intrinsic evidence to one or more of the charged offenses, and therefore, it is not subject to Rule 404(b). And the Court finds the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice to Defendant when considering, again, that the depicted rifle purports to be the short-barreled rifle recovered from Defendant's hotel room and it's the subject of one or more charges in this case. The Motion, therefore, is DENIED as concerns this picture.

Second, concerning the text and Facebook messages (Dkt. 50-1, pp.5-27), the Court also finds this evidence is relevant and intrinsic to the drug crimes charged in this case. Those messages span a time frame from November 7 to December 15, 2023. The Superseding Indictment charges Defendant with drug crimes occurring "on or about" December 15, 2023. Thus, the messages are temporally related to the charged crimes. The Court agrees with the Government that a reasonable inference the jury could draw from these messages is that the fentanyl and methamphetamine discussed by Defendant therein are the same controlled substances recovered on December 15, 2023 (minus what he was able to sell in the meantime) and they would tend to show that Defendant possessed with intent to distribute fentanyl and methamphetamine on or about December 15, 2023. *See United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) ("We have held that '[o]ther act evidence is intrinsic'—and thus not subject to Rule 404(b)—'when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'") (citing *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)). And the Court finds the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice to Defendant.[2] *Cf. United States v.*

---

[2] At the TPC, Defendant raised hearsay concerns over these messages. But Defendant's statements are admissible under Fed. R. Evid. 801(d)(2)(A) (statements made by the party in an individual or representative capacity) and the statements of those he messaged with are admissible under Fed. R. Evid. 801(d)(2)(B) (statements the party manifested that it adopted or believed to be true) or for their effect on the listener. *United States v. Nieto*, 60 F.3d 1464, 1468 (10th Cir. 1995) (admitting purported hearsay statement as non-hearsay to show the effect the statement had on the defendant); *see also United States v. Petty*, 602 F. Supp. 996, 999 (D. Wyo. 1984) (overruling defendant's objection to the admission of a third-party's accusatory

*Watson*, 766 F.3d 1219, 1237 (10th Cir. 2014) ("Our court has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia*, that the defendant had the knowledge or intent necessary to commit the crimes charged.") (collecting cases). The Motion, therefore, is DENIED as concerns the messages at Dkt. 50-1, pp.5-27.

The last category of evidence concerns pictures of bags of what purport to be blue pills. The Court currently finds a lack of foundation regarding these photos. While these photos were recovered from Defendant's phone, unlike the photo of the short-barreled rifle, these photos lack sufficient indicia of reliability regarding their connection to Defendant or their origin (i.e., were they taken by Defendant, were they sent to him and saved to his phone, etc.). The latter is compounded by the differing metadata associated with the photos that defense counsel explained during the TPC. On the current record, the Government has failed to demonstrate that these photos are what they purport to be in relation to Defendant or the crimes charged. Should the Government still seek to admit these photos it may attempt to lay a proper foundation for them at trial, in which case, if then found admissible, the Court will then address any Rule 404(b) concerns.

The Motion is DENIED for the reasons shared above.

DATED: November 3, 2024

---

statement as an adoptive admission based on defendant's silence and further actions in the face of the statement).